DA 08-0277

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 53N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

HUNTER NICHOLS,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 08-25
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Courtney Lawellin, Attorney at Law, Livingston, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General;
Mardell Ployhar, Assistant Attorney General, Helena, Montana

          Bruce Becker, Livingston City Attorney, Livingston, Montana

Submitted on Briefs:  January 28, 2009

Decided:  February 24, 2009

Filed:

_____
Clerk

FILED

February 24 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Hunter Nichols (Nichols) appeals an order of the Sixth Judicial District Court, Park County, denying his motion to withdraw guilty pleas to first offense partner or family member assault, unlawful restraint, and endangering the welfare of children. The District Court upheld the Livingston City Court's denial of Nichols' motion to withdraw his guilty pleas.[1] We affirm.

¶3 Nichols argues that his lack of understanding made his guilty pleas not voluntary, knowing, and intelligent, thus demonstrating good cause for withdrawal. The issue on appeal is the voluntariness of Nichols' guilty pleas.

¶4 Section 46-16-105(2), MCA, permits a defendant to withdraw a guilty plea if "good cause" is shown. Section 46-12-210, MCA, outlines required facts that a defendant must understand before a court can accept a guilty plea. Guilty pleas must be voluntary, knowing, and intelligent. *State v. Favi*, 2005 MT 288, ¶ 11, 329 Mont. 273, 124 P.3d 164; *State v. Warclub*, 2005 MT 149, ¶ 18, 327 Mont. 352, 114 P.3d 254; *State v. Lone Elk*, 2005 MT 56,

¶ 13, 326 Mont. 214, 108 P.3d 500. The question of whether a plea is voluntary is a mixed question of law and fact that we review de novo to determine whether the district court's holding was correct. *Warclub*, ¶ 24.

¶5 The record shows that Livingston City Judge Kara Bailey adequately informed Nichols of his rights and gave him the option of entering a not guilty plea or consulting with an attorney. The record shows that Nichols understood his rights, and chose to waive them and enter a guilty plea. Nichols acknowledged his understanding by signing the Court Minute Sheet and a written waiver of counsel, which fulfilled the requirements of § 46-12-210, MCA.

¶6 Nichols further argues that his guilty pleas were not knowing, voluntary, and intelligent because he requested to withdraw his pleas on the day he was sentenced. However, timeliness alone is not dispositive in determining the voluntariness of a plea. *Favi*, ¶ 21. Nichols also argues that his plea was not intelligent because he was not notified of his defenses. However, the standard for voluntariness only requires that a defendant be aware of the "direct consequences" of his plea. *Lone Elk*, ¶ 21; *Warclub*, ¶ 32. Because the record supports a finding that Nichols' plea was voluntary, the District Court correctly denied Nichols' motion to withdraw his guilty pleas.

---

[1] The District Court granted Nichols' motion to withdraw his guilty plea to destruction of a communication device, holding that a mistake of law may have been made. This order was not appealed.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶8 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS